UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSEPH SANTIAGO,　　　　　　　　　　　　　　　　　Case No. 20-cv-1880

　　　　　　Plaintiff,
vs.

EMPRESAS BERRIOS, INC.;
EXPERIAN INFORMATION
SOLUTIONS, INC; EQUIFAX
INFORMATION SERVICES, LLC;
AND TRANS UNION LLC.

　　　　　　Defendants.

# COMPLAINT

NOW COMES, Plaintiff Joseph Santiago, by and through his attorneys, DeLadurantey Law Office, LLC and complains of Defendants Empresas Berrios, Inc., Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

1. This lawsuit arises from incorrect credit reporting.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**PARTIES**

6. Plaintiff Joseph Santiago (hereinafter "Plaintiff") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

7. Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626, and a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

8. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

9. Defendant Equifax Information Services, LLC ("Defendant Equifax") is a foreign corporation with a principal office of 1550 Peachtree St. NW, Atlanta, GA 30309, and a registered agent office of Corporation Service Company., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

10. Defendant Equifax is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

11. Defendant Trans Union LLC ("Defendant Trans Union") is a foreign corporation with a principal office of 555 West Adams, Chicago, IL 60661, and a registered agent office of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

12. Defendant Trans Union is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

13. Defendant Empresas Berrios, Inc. (hereinafter "Defendant Empresas Berrios") is a foreign business with a principal office at 13 Munoz Rivera, Cidra, Puerto Rico, 00739. Defendant Empresas Berrios' registered agent is Florencio Berrios Castrodad, at the same address.

14. Defendant Empresas Berrios is a "person" as that term is defined by 15. U.S.C. § 1681a(b) of the Act and furnishes information to consumer reporting agencies.

## FACTUAL ALLEGATIONS

15. Sometime in 2020, Plaintiff obtained a copy of his credit report from Defendants Experian, Equifax, and Trans Union.

16. Plaintiff obtained this credit report in connection with the application for a home loan.

17. Plaintiff discovered that Defendants Experian, Equifax, and Trans Union were incorrectly reporting a derogatory account listed by Defendant Empresas Berrios. This account did not belong to Plaintiff. Defendants were also reporting addresses in Puerto Rico that did not belong to Plaintiff.

18. Plaintiff also discovered Defendant Equifax was incorrectly reporting an account for a company called "Muebleria Berrios" as an account belonging to him, along with having his former and current addressed mixed.

19. Upon making this discovery, Plaintiff submitted written disputes to Defendants Experian, Equifax, and Trans Union related to this wrong information on his reports.

20. After Plaintiff's disputes, Defendants Experian investigated, and insisted the account from Defendant Empresas Berrios should remain on his credit report. Defendant Experian investigated, and insisted the incorrect address remain on Plaintiff's report.

21. After Plaintiff's disputes, Trans Union sent him a communication almost entirely in written in Spanish. Plaintiff was able to translate some of what was written, but he does not fluently read Spanish. Plaintiff never wrote to Trans Union in Spanish nor has any clue why Trans Union would write to him in Spanish. Plaintiff believes Trans Union is allowing the incorrect information to remain on his report based on the communication.

22. After Plaintiff's disputes, Defendants Equifax investigated, and insisted the account from Muebleria Berrios should remain on his credit report. Defendant Experian investigated, and insisted the incorrect address remain on Plaintiff's report.

23. Defendants Experian, Equifax, and Trans Union failed to properly investigate and respond to Plaintiff's disputes.

24. After the dispute, Defendant Empresas Berrios investigated, and insisted the incorrect information should remain on Plaintiff's credit report.

25. Further, Defendants TransUnion and Experian are failing to report numerous credit card accounts that validly belong to Plaintiff. Plaintiff believes his accurate and current

credit card accounts are reporting to the identity of someone else; just like the wrong information is being reported to Plaintiff's credit file.

26. Because Defendants allowed the erroneous information to remain on Plaintiff's credit file, the Plaintiff has suffered negative financial, emotional, and credit damages.

**COUNT 1 – DEFENDANT EXPERIAN (15 U.S.C. §1681, *ET SEQ.*)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant Experian also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

29. Defendant Experian prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Plaintiff to current and potential creditors.

30. Defendant Experian violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's consumer credit file, by falsely reporting that he owed a balance to Defendant Empresas Berrios, and an incorrect address should remain on his account, and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Plaintiff.

31. As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to his credit rating, credit denial, and emotional distress in an amount to be determined at trial.

32. Defendant Experian's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

33. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under § 1681o of the Act.

## COUNT 2 – DEFENDANT EQUIFAX (15 U.S.C. §1681, *ET SEQ.*)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant Equifax also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

36. Defendant Equifax prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Plaintiff to current and potential creditors.

37. Defendant Equifax violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's consumer credit file, by falsely reporting that he owed a balance to Defendant Empresas Berrios, and an incorrect address should remain on his account, and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Plaintiff.

38. As a result of Defendant Equifax's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to his credit rating, credit denial, and emotional distress in an amount to be determined at trial.

39. Defendant Equifax's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

40. Alternatively, Defendant Equifax's violations were negligent, rendering it liable for damages under § 1681o of the Act.

## COUNT 3 – DEFENDANT TRANS UNION (15 U.S.C. §1681, *ET SEQ.*)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant Trans Union also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

43. Defendant Trans Union prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Plaintiff to current and potential creditors.

44. Defendant Trans Union violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's consumer credit file, by falsely reporting that he owed a balance to Defendant Empresas Berrios, and an incorrect address should remain on his account, and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Plaintiff.

45. As a result of Defendant Trans Union's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

46. Defendant Trans Union's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. Alternatively, Defendant Trans Union's violations were negligent, rendering it liable for damages under § 1681o of the Act.

## COUNT 4 – DEFENDANT EMPRESAS BERRIOS (15 U.S.C. §1681, *ET SEQ.*)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant Empresas Berrios prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding the Plaintiff, as defined in the FCRA.

50. Defendant Empresas Berrios violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update the Plaintiff's credit report to remove the account

51. As a result of Defendant Empresas Berrios' failure to correct their erroneous and derogatory credit reporting, Plaintiff has suffered reduced credit access, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

52. Because Defendant Empresas Berrios disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling the Plaintiff to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

53. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## TRIAL BY JURY

54. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff Joseph Santiago pray that this Court will enter judgment against the Defendants as follows:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1);
B. Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and
D. For such other and further relief as may be just and proper.

Dated this 21st day of December, 2020.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
E: nathan@dela-law.com
*Attorney for the Plaintiff*